# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JUAN CARLOS ROJAS,

      Plaintiff,                       CASE NO. 05-CV-10305

v.                                DISTRICT JUDGE DAVID M. LAWSON
                                 MAGISTRATE JUDGE CHARLES E. BINDER

GREEN MEADOWS FARMS,

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

## I.    RECOMMENDATION

      **IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint fails to state a claim upon which relief can be granted.

## II.    REPORT

### A.    Introduction

      Plaintiff Juan Carlos Rojas' *pro se* employment discrimination complaint was referred by U.S. District Judge David M. Lawson to the undersigned Magistrate Judge for pretrial case management on December 19, 2005. (Dkt. 3.) Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on February 9, 2006. (Dkt. 4.) After screening the complaint, I conclude that the case is ready for Report and Recommendation.

**B.**    **Screening Requirement**

Federal law requires the Court to screen all civil complaints filed *in forma pauperis.*  28 U.S.C. § 1915(e).[1]  Pursuant to this statute, the Court must *sua sponte* dismiss a complaint without affording the plaintiff an opportunity to amend if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A case is frivolous if it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).  When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).  Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

    (i)  is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

### C.    Discussion

Plaintiff's complaint asserts a claim of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against his former employer, Defendant Green Meadows Farms.  Specifically, Plaintiff claims that he was discriminated against on the basis of his race and national origin when his employer refused to provide him with medical attention for a work-related injury and terminated his employment without advance notice.  He asserts that these acts occurred in late 2002 and early 2003.

Although Plaintiff's form complaint states that a copy of his charge to the Equal Employment Opportunity Commission ("EEOC") is attached, no such document was included with the pleading, nor could one have been included since Plaintiff acknowledges that he never filed a charge with either the EEOC or the Michigan Civil Rights Commission.  (Compl. ¶¶ 6 & 8.) This omission, I suggest, is fatal to his claim.

Before bringing suit in federal court, a plaintiff alleging employment discrimination on the basis of race or national origin under Title VII must have filed a timely charge of discrimination with the EEOC and received a right-to-sue letter.  42 U.S.C. § 2000e-5(e)(1); *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001); *Rivers v. Barberton Bd. Of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998) (right-to-sue letter is a condition precedent to filing claim).  In addition, the federal court action must have been filed within ninety days of the date of the EEOC right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1).  This rule is strictly enforced.  *See Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publ'g Co.*, 839 F.2d 1147, 1150 (6th Cir. 1988); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).  Here, where Plaintiff

acknowledges that he did not comply with the condition precedent to filing a Title VII claim, I suggest that the case must be dismissed because it fails to state a claim upon which relief can be granted.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(C). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ *Charles E. Binder*

CHARLES E. BINDER
United States Magistrate Judge

Dated: April 19, 2006

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served in the traditional manner on Juan Carlos Rojas and Honorable David M. Lawson.

Dated:  April 19, 2006

By_____s/Mary E. Dobbick_____
Secretary to Magistrate Judge Binder

4